# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-4109

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Missouri. |
| | * | |
| John R. Kay, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: October 11, 2005
Filed: March 16, 2006

_____

Before BYE, BEAM, and SMITH, Circuit Judges.

_____

PER CURIAM.

John Kay appeals his conviction and sentence for possessing pseudoephedrine, knowing it would be used to manufacture methamphetamine, and for being a felon in possession of a firearm.

The evidence at trial showed that members of the St. Louis County Methamphetamine Precursor Diversion Task Force[1] observed Kay purchase two boxes

_____

[1]Apparently the Task Force routinely conducts surveillance at St. Louis stores, looking for individuals who go directly to the cold medication aisle, select the maximum number of boxes allowed by Missouri law (without comparison shopping),

of pseudoephedrine-based cold pills from a Target store in St. Louis. He then returned to his vehicle and left the parking lot. Members of the task force followed Kay's vehicle to a Walgreen's store. Kay entered the store, and returned to his vehicle with more boxes of pseudoephedrine. At this point, the task force members approached Kay and identified the purpose of their investigation. After Kay was placed under arrest and given his <u>Miranda</u> warnings, officers searched Kay and the vehicle. Detectives found hundreds of loose pseudoephedrine pills, as well as boxes of newly purchased pseudoephedrine. The evidence indicated that Kay had visited and purchased pseudoephedrine from four different stores that same day. Detectives also found a 12-gauge shotgun wrapped in a blanket together with an antique rifle during the vehicle search.

Kay told the officers on the scene that he was a methamphetamine user, and that he was "collecting pills," but that he was trying to stop using methamphetamine. He also denied knowing about the 12-gauge shotgun. However, Kay admitted that he knew about the antique rifle, and as previously noted, the two guns were wrapped together. Further, there was 12-gauge ammunition lying in the front-seat passenger area of the vehicle. After Kay's arrest, officers searched Kay's Potosi, Missouri, home. They found more pseudoephedrine pills and boxes, as well as other methamphetamine-making materials, such as anhydrous ammonia.

On appeal, Kay challenges the sufficiency of the evidence on both counts, and also raises sentencing issues. We have no difficulty resolving the sufficiency question in the government's favor. Viewing the evidence in the light most favorable to the jury's verdict, <u>United States v. Frauendorfer</u>, 428 F.3d 1115, 1118 (8th Cir. 2005), we have no doubt that a reasonable jury could have convicted Kay of both counts, based on the evidence recounted in the previous paragraphs.

---

and then pay cash and leave.

With regard to sentencing, Kay argues the case must be remanded for sentencing in light of United States v. Booker, 543 U.S. 220 (2005), and that the district court committed error by using Kay's previous felony conviction to assign his criminal history category without having that fact determined by a jury. Turning first to the latter contention, we reject Kay's argument because a prior felony conviction is a sentencing factor for the court, not a factual issue that needs to be tried to the jury. United States v. Levering, 431 F.3d 289, 295 (8th Cir. 2005).

As to Kay's Booker argument, the government concedes that the case must be remanded for re-sentencing because Kay preserved his objection at sentencing. Accordingly, we affirm the district court in all respects, except that we remand for re-sentencing in light of Booker.

_____